## Affidavit of Arthur Bogoraz

Arthur Bogoraz affirms the following under penalty of perjury:

1. I am one of the defendants in the case *United States v. Bradley Pierre et al.*, 19 Cr. 22 (PGG), pending before the Hon. Paul G. Gardephe in the United States District Court for the Southern District of New York.

2. I am submitting this affidavit to the United States Attorney's Office for the Southern District of New York in support of my request that the Government consent to my withdrawing the guilty plea that I entered in this case on January 16, 2024 and extend to me, for a period of no more than 12 hours, an offer of a plea agreement for conspiracy to commit Travel Act bribery, as charged in Count Four of the S3 Indictment, in violation of Title 18, United States Code, Section 371. This would be substantially the same plea agreement that was offered to me on October 13, 2023, which I did not accept.

3. I was one of five defendants charged in this case on or about January 11, 2022. The original Indictment contained four counts: for conspiracy to commit healthcare fraud (Count One), conspiracy to commit money laundering (Count Two), conspiracy to commit Travel Act bribery (Count Three), and aggravated identity theft (Count Four). I was charged only in Count Three.

4. On or about June 26, 2023, the grand jury returned a superseding Indictment (the "S2 Indictment') against the same five defendants, containing five counts: conspiracy to commit health care fraud (Count One), conspiracy to commit money laundering (Count Two), conspiracy to commit Travel Act bribery (Count Three), aggravated identity theft (Count Four), and conspiracy to defraud the United States (Count Five). I was charged only in Count Three.

1

5. On or about October 13, 2023, through my prior counsel, the Government extended me a plea offer in this case (the "Plea Offer"). The Offer contemplated that I would enter a guilty plea to Count Three of the Indictment (conspiracy to commit Travel Act bribery). Count Three carried a statutory maximum penalty of five years' imprisonment. The Plea Offer stated that my Sentencing Guidelines range would have been 188 to 235 months' imprisonment were it not for the five-year statutory maximum applicable to the offense.

6. My understanding as of the time the Plea Offer was extended was that it would expire on or around October 31, 2023.

7. In the days immediately following October 13, 2023, I discussed the Plea Offer at length with my prior counsel. Among other things, I sought his advice on the risks of turning down the Plea Offer.

8. One of the issues I discussed with my prior counsel was whether I should be concerned that if I turned down the Plea Offer, which limited my sentencing exposure to five years' imprisonment, the Government would obtain another superseding Indictment from the grand jury charging me with a money laundering offense, which in turn would increase my sentencing exposure exponentially. This question was critical to my decision-making process.

9. My understanding from speaking with prior counsel in October 2023 was that there was no realistic possibility that the Government would obtain a superseding Indictment charging me with a money laundering offense if I declined to accept the Plea Offer. This was an understanding that I came to from speaking with prior counsel during October 2023.

10. It was further my understanding from speaking with prior counsel in October 2023 that there was no basis in the discovery materials that had been produced in this case for the Government to obtain a superseding Indictment charging me with a money laundering offense.

11. It was further my understanding from speaking with prior counsel in October 2023 that if the Government believed that it had a basis to obtain a superseding Indictment charging me with money laundering, the Government would have included me as a defendant in the money laundering count of the S2 Indictment.

12. Based on the understandings summarized in paragraphs 9 through 11 above, which I formed in the course of, and as a direct result of, discussing the Plea Offer with my prior counsel in October 2023, I believed that there was no realistic possibility that I would be charged with a money laundering offense, and subjected to a substantially higher term of imprisonment, if I declined to accept the Plea Offer.

13. In reliance on the understandings summarized in paragraphs 9 through 12 above, I did not accept the Plea Offer before it expired.

14. Had I understood in October 2023 that there was a realistic possibility that if I declined to accept the Plea Offer, I would be charged with a money laundering offense that would put me at risk of a substantially higher term of imprisonment than five years, I would have accepted the Plea Offer before it expired. There is absolutely no question in my mind as to this.

15. In or about the beginning of December 2023, I learned that the Government was, in fact, going to seek a superseding indictment charging me with a money laundering offense that would put me at risk of a substantially higher term of imprisonment than five years.

16. My reaction to this information was shock and panic. It directly contradicted what I had understood from my conversations with prior counsel about the nature of the risks I faced if I declined the Plea Offer.

17. If I had understood in October 2023 that there was a realistic possibility that the

Government would charge me with money laundering, I would have accepted the Plea Offer before it expired. I did not have that understanding, based on my conversations with prior counsel in October 2023.

18. On or about December 6, 2023, the Government obtained a superseding Indictment charging me, in Count Five, with money laundering, thereby subjecting me to a possible sentence of imprisonment far exceeding five years.

19. On or about January 16, 2024, I pleaded guilty without a plea agreement to Counts Four and Five of the S3 Indictment. Prior to my pleading guilty, my prior counsel had announced in open Court, in substance, that he was not prepared to proceed to trial on the S3 Indictment at the time that trial was scheduled.

I affirm that everything stated above is true and correct.

Dated: March 22, 2024
New York, New York

_____
Arthur Bogoraz

Sworn to before me
this 22nd day of March 204
3/22/24

MARIA REYES JOSEPH
Notary Public - State of New York
No. 01RE6415160
Qualified in Kings County
My Commission Expires 03-08-2025

_____
Notary Public

4