## Affidavit of Aaron Rubin, Esq.

Aaron Rubin, Esq. hereby declares under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I was counsel for defendant Arthur Bogoraz in the case *United States v. Bradley Pierre et al.*, 19 Cr. 22 (PGG), pending before the Hon. Paul G. Gardephe in the United States District Court for the Southern District of New York, from the time Mr. Bogoraz was charged in the case until the substitution of counsel entered on the docket on January 26, 2024.

2. I am submitting this affidavit to the United States Attorney's Office for the Southern District of New York in support of Mr. Bogoraz's request that the Government consent to his withdrawing the guilty plea that he entered in this case on January 16, 2024 and extend to Mr. Bogoraz, for a period of no more than 12 hours, an offer of a plea agreement for conspiracy to commit Travel Act bribery, as charged in Count Four of the S3 Indictment, in violation of Title 18, United States Code, Section 371. This would be substantially the same plea agreement that was offered to Mr. Bogoraz on October 13, 2023, which he did not accept.

3. Mr. Bogoraz was one of five defendants charged in this case on or about January 11, 2022. The original Indictment contained four counts: for conspiracy to commit healthcare fraud (Count One), conspiracy to commit money laundering (Count Two), conspiracy to commit Travel Act bribery (Count Three), and aggravated identity theft (Count Four). Mr. Bogoraz was charged only in Count Three.

4. On or about June 26, 2023, the grand jury returned a superseding Indictment (the "S2 Indictment') against the same five defendants, containing five counts: conspiracy to commit health care fraud (Count One), conspiracy to commit money laundering (Count Two), conspiracy to commit Travel Act bribery (Count Three), aggravated identity theft (Count Four), and

conspiracy to defraud the United States (Count Five). Mr. Bogoraz was charged only in Count Three, which was the same charge as the prior indictment with no additions.

5. On or about October 13, 2023, the Government extended a plea offer to Mr. Bogoraz in this case (the "Plea Offer"). The Offer contemplated that he would enter a guilty plea to Count Three of the Indictment (conspiracy to commit Travel Act bribery). Count Three carried a statutory maximum penalty of five years' imprisonment. The Plea Offer stated that his Sentencing Guidelines range would have been 188 to 235 months' imprisonment were it not for the five-year statutory maximum applicable to the offense.

6. My understanding as of the time the Plea Offer was extended, and the understanding I conveyed to Mr. Bogoraz, was that it would expire on or around October 31, 2023.

7. In the days immediately following October 13, 2023, I discussed the Plea Offer at length with Mr. Bogoraz. Among other things, I gave him advice on whether to accept the Plea Offer.

8. It was my professional judgment at the time the Plea Offer was extended that there was not a realistic possibility that, should Mr. Bogoraz reject the Plea Offer, the Government would obtain a superseding Indictment charging him with a money laundering offense and thereby increasing his sentencing exposure, and I advised Mr. Bogoraz accordingly. My judgment was based on a number of factors, including the following.

9. First, in light of the fact that the Government had previously charged other defendants in the same case with money laundering offenses, twice – at the time of the original Indictment and again in the S2 Indictment – I reasoned that if the Government had the evidentiary support to charge Mr. Bogoraz with a money laundering offense and the desire to do so, it would already have done so.

10. Second, based on the Rule 16 discovery that I had reviewed in the case, I did not believe at the time that there was a factual basis in the discovery for the Government to bring a money laundering charge against Mr. Bogoraz.

11. Based on the above, while the Plea Offer was pending, I advised Mr. Bogoraz, in substance, that it was not a realistic possibility that the Government would obtain a viable and timely superseding Indictment against him charging him with money laundering, and thereby increasing his sentencing exposure, if he did not accept the Plea Offer.

12. I believe that Mr. Bogoraz made his decision not to accept the Plea Offer largely based on this advice, and the case proceeded with no additional charges for more than another month.

13. At the time I advised Mr. Bogoraz with respect to the Plea Offer, and at all times that I represented Mr. Bogoraz, I was undertaking to provide him with my honest and considered judgment and to give him the advice that would best protect his interests.

14. On or about December 6, 2023, about five weeks prior to the trial date, the Government obtained a superseding Indictment charging Mr. Bogoraz, in Count Five, with money laundering, thereby subjecting him to a possible sentence of imprisonment far exceeding five years. I realized after the Government obtained this superseding Indictment that my prior assessments in October 2023 that this was not a realistic possibility had been mistaken, and that the advice I gave Mr. Bogoraz about this, and which I believe he relied on, was incorrect, despite my effort at all times to provide Mr. Bogoraz with counsel that was in furtherance of his interests.

I affirm that everything stated above is true and correct.

Executed on April 23, 2024
New York, New York

_____
Aaron Rubin, Esq.

3