

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 19, 2024

**VIA ECF**

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

        Re:     *United States v. Arthur Bogoraz,*
                   22 Cr. 19 (PGG)

Dear Judge Gardephe:

      The Government writes in response to defendant Arthur Bogoraz' motion dated July 9, 2024 (the "Motion" or "Mot.") seeking to withdraw his guilty plea. (Dkt. 444). The Government respectfully submits that a hearing is necessary for the Court to have a complete factual record upon which to base its ruling on the Motion.

      The Motion argues that Bogoraz should be permitted to withdraw his plea because Bogoraz and his prior counsel were not aware that the *Rose* Discovery had any relevant materials. *See* Mot. at 19 ("Nor is the problem limited to the fact that prior counsel gave advice without the full discovery; Bogoraz himself also lacked the full discovery. Bogoraz obtained a copy of the *Pierre* discovery for himself in order to review it. Like his counsel, he was working with less than a full deck in October 2023" (internal citations omitted)). However, several factual assertions in the supporting affidavits are inconsistent with the documentary record.

      For example, during the parties' first court conference on February 1, 2022, which Bogoraz and his prior counsel both attended, the Government made clear the *Rose* Discovery was a significant part of the discovery for the *Pierre* matter:

> As the Court is aware, because of our companion cases relating to this case, you're indeed correct, there is voluminous discovery. We are intending to produce the discovery from *United States vs. Rose*, 19 CR 789, to the parties, as well as a large tranche of new discovery which includes approximately 15 iCloud backups of phones; approximately 43 e-mail accounts and information from those accounts; cell site data for approximately ten individuals; and then we have a large volume of subpoena returns from banks, phone records, insurance companies, patient records and the like. So it is indeed a large volume.

(Feb. 1, 2022, Tr. at 6:4-16).

At the same conference, the Discovery Coordinator also described at length that the *Rose* Discovery could be obtained by Bogoraz and his counsel and how to do so:

> For anyone who has sent a drive either directly to my office or to the government, those drives from the government were forwarded to my office. So all of the materials that were prepared in the Rose matter have been burned. They're technically in FedEx's possession, being delivered to anybody who had sent them so that they can get started on those related materials immediately.
>
> In the *Rose* matter, there's also a four-terabyte drive, largely of devices. I'm happy to send out a chart of the devices that are contained on that drive so that counsel could prioritize if there is anything on that drive that they would want to get started on or get a copy of. And I'm willing to help in any way that I can for the materials in the Rose case.
>
> . . . .
>
> All of the materials are hyperlinked, sortable, case-indexed from the *Rose* materials. A D2 search and a PDF search tool, 17 lines and Title III wiretap spreadsheets, extracted iCloud devices, iCloud e-mail accounts, all of those tools that we prepared have been provided to you on the drive. And we can make some sort of arrangements to find a date and time, if defense counsel wanted to do a Zoom, to go over those materials so that you can be in the know and on your way to reviewing and accessing what you need to.

(*Id.* at 6:1-15, 9:8-16). Bogoraz and prior counsel do not address the February 1, 2022 conference in their respective affidavits. *See* Mot. Exs. B, Q, R.

The documentary record also shows that the *Rose* Discovery was obviously relevant to Bogoraz, even beyond the fact that the Government clearly identified it as Rule 16 material with respect to the *Pierre* prosecution. The Indictment charged Bogoraz for paying bribes to runners, including Anthony Rose. *See* Indictment at ¶ 24 ("As part of the scheme, BRADLEY PIERRE and ARTHUR BOGORAZ, the defendants, arranged for the Runners, including ANDREW PRIME, the defendant, to bribe employees or agents of public and private institutions, including hospitals and the NYPD, to unlawfully disclose the protected, confidential information of tens of thousands of motor vehicle accident victims in New York, New Jersey, and elsewhere."). During an April 11, 2022 proffer, Bogoraz discussed Rose and their conspiracy at length because their relationship was central to the offense conduct underlying the charges against Bogoraz. (*See* Dkt. 289 at 6). Bogoraz attended a status conference in January 2023 that addressed, among other things, whether certain materials discussing Rose's cooperation should be sealed. (*See United States v. Rose*, Dkt. 940). And in December 2023, Bogoraz accused the Government, falsely, of seeking to delay the trial date "to avoid impeachment disclosures relating to its primary cooperator, Anthony Rose, which may impact even his ability to appear as a witness at all in this case." (Dkt. 280 at 1).

The Government respectfully suggests that a hearing is necessary to resolve the discrepancies between Bogoraz and his prior counsel's statements about the Rose Discovery and the documentary record. There would not be a sufficient basis to grant the Motion if at the time of the Government's plea offer, Bogoraz and his prior counsel were aware of the existence and relevance of the *Rose* Discovery. *See, e.g.*, Mot. Ex. B ¶ 10 (referring to discovery materials "that had been produced in this case" without addressing whether Bogoraz was aware of the not-obtained *Rose* Discovery).

The Government accordingly respectfully submits that that a hearing is necessary to provide the Court with a sufficient factual basis to address the Motion.

                          Respectfully submitted,
                          DAMIAN WILLIAMS
                          United States Attorney

By:          /s/
            Mathew Andrews
            Michael Lockard
            Qais Ghafary
            Assistant United States Attorney
            Tel.   (212) 637-6526