

40 Exchange Place, 18th Floor
New York, New York 10005
646-741-0229

**maxnicholasllc.com**

August 15, 2024

**BY ECF**

Hon. Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

<u>**United States v. Arthur Bogoraz, 22 Cr. 19 (PGG)**</u>

Dear Judge Gardephe:

I respectfully write to oppose the letter-motion filed by the Government yesterday afternoon in the above-captioned case (Docket No. 456). In its motion, the Government asks the Court for an opinion that (1) certain document requests that the Government made for the first time on Tuesday evening of this week – after seven months of discussions with undersigned counsel about Bogoraz seeking to vacate his current plea, and two business days before a factual hearing that the Government requested is scheduled to take place – fall within the scope of a privilege waiver in this case; and (2) that those same document requests fall within the scope of Federal Rule of Criminal Procedure 26.2 and must be collected and produced in connection with the hearing. The Government asks in the alternative that the Court so-order certain subpoenas to the defendant or his prior counsel, which subpoenas the Government has not shown or discussed with undersigned counsel.

The Government's requests should be denied. ***First,*** as a threshold matter, the timing of the Government's requests – which it chose – would preclude the defense from complying with them in time for the hearing. The Government asks defense counsel to gather approximately two years' worth of communications between Bogoraz and his prior counsel (this case was indicted in January 2022 and prior counsel was substituted for in January 2024) and search them for the five categories of information now sought by the Government (*see* Docket No. 456 at 1 and n.1). This would likely require hiring a vendor to perform a phone extraction, loading communications onto a review platform, conducting searches, and making a document production. Nor is it an issue of running a handful of precise search terms – the Government's requests are breathtakingly broad, such as (to take only one example) "[a]ny communications . . . relating to discovery." (*Id*. at 1). This is a process that would take, at a bare minimum, several weeks.

For the avoidance of doubt, this time crunch results from a voluntary choice by the Government. Over the course of the past seven months, I have met numerous



times with the Government trial team, supervisors, and executive staff in an effort to persuade the Government to affirmatively consent to an application by Bogoraz to withdraw his plea of guilty in light of all of the facts and circumstances described in my motion (Docket No. 444).  In the course of those meetings, the Government has asked me for a variety of information to support my request, including affidavits from the defendant and from prior counsel, which have been provided, and even to see a preview of my motion before I filed it, which was also provided.  Never during those seven months in the course of considering my request on behalf of Bogoraz, or in the course of considering the affidavits they received from Bogoraz and his prior counsel, did the Government ask for the five categories of documents that they now request.  To the extent the Government believes they are necessary, it is inconceivable that they only became so on Tuesday.  Indeed, even when the Court ordered a hearing in this matter, on July 22, 2024, the Government did not make these requests.

*Second*, the breadth of the requests far exceeds the privilege waiver in this case.  There is no question that there has been a privilege waiver of some degree, with respect to communications between Bogoraz and his prior counsel about whether to accept the October 2023 plea offer, and about whether Bogoraz and his prior counsel believed that all of the discovery in the case relating to Bogoraz had been produced to them.  But the requests that the Government issued on Tuesday night far exceed the waiver.  As the Government acknowledges in a footnote, *see* Docket No. 456 at 2 n.2, "[t]he implied privilege waiver should only extend . . . 'to confidential information that is needed to defend against the prisoner's specific claims.'"  *Aladino v. United States,* No. 09 Civ. 926 (CBA), 2011 WL 6131175, at *2 (E.D.N.Y. Dec. 8, 2011) (citation omitted); *see also, e.g.*, *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (also cited by the Government) (waiver extends to "communications with [the defendant's] attorney ***necessary to prove or disprove his claim***") (emphasis added).

Again taking just one example, "communications . . . relating to discovery," which is one of five categories of materials that the Government now asks defense counsel to collect and produce, could encompass any number of communications about the strength or weakness of the evidence with respect to the non-money laundering count in the indictment that was the sole charge against Bogoraz until December 2023.  Bogoraz has not put at issue the advice he received from his prior counsel about the strength or weakness of the Government's evidence on that count, and there would be no waiver of attorney-client privilege as to that topic.  This is just one example; there are innumerable other ways that a defendant and his lawyer in any criminal case might discuss the discovery that Bogoraz has not put at issue here.  The issue here is whether the Rule 11 standard for withdrawing a prior plea is satisfied given the advice Bogoraz received about rejecting a plea offer with a five-year maximum when the Government had threatened to add a money laundering charge that would increase that maximum by 20 years, and considering the circumstances in which (and degree of information and understanding with which) Bogoraz made that decision.  That does not give the Government a free pass to comb through essentially the entirety of Bogoraz's communications with his prior counsel.



      ***Third,*** the requests do not fall within the defense's obligations under Rule 26.2. That rule is confined to statements by the witness "that relate[] to the subject matter of the witness's testimony."  *See* Rule 26.2(a).  Based on the Government's letter requesting a hearing in this case (Docket No. 445), and on Bogoraz's motion, it is defense counsel's expectation that the issues to be explored at the hearing are, in brief, prior counsel's receipt or non-receipt of certain discovery from the Government and how that came about, and the advice that prior counsel gave to Bogoraz in September and October 2023 about the Government's threat to supersede with a money laundering charge and about whether to accept the October 2023 plea offer.  Defense counsel will seek to track those topics in examining prior counsel at the hearing, and I believe those are the topics that bear on the motion.  Rule 26.2 cannot be used to take a tour through a witness's prior statements having no relation to the anticipated testimony.

      I also note that based on section (g), Rule 26.2 appears not to apply to a hearing of this nature – that is, a factual hearing to determine whether a defendant should be permitted to withdraw his plea.  This is not a hearing taking place under Section 2255, even though there is some degree of overlap in the issues.  As discussed in the motion, Rule 11 does not require the Court to find that a lawyer was constitutionally ineffective in order to allow a defendant to withdraw his plea.  However, I want to be clear that the crux of my argument is not the technical applicability of Rule 26.2 – rather, it is the breadth of the requests, and their timing, as discussed above.  Indeed, I produced the handful of substantive emails that prior counsel has sent to me in connection with this matter within hours of the Government requesting them on Tuesday.

      Had the Government approached me at some point in the past seven months, in the course of our good faith discussions about what position they would ultimately take on Bogoraz's motion to withdraw, and said that in addition to the affidavits and exhibits that had already been exchanged and discussed, they also felt that it was important to obtain and review certain communications between Bogoraz and his prior counsel, I am confident that we could have negotiated thoughtful and careful parameters about the scope of the privilege waiver and the boundaries of what was relevant to the inquiry. This would also have left plenty of time for counsel to effectuate a professional and organized document production.  But document requests of this magnitude, and at this hour, are not fair, reasonable, or practical.

      Respectfully submitted,

      MAX NICHOLAS LLC

      \_\_\_\_\_/s/_____
      Max Nicholas, Esq.
      40 Exchange Place, #1800
      New York, NY 10005
      646-741-0229