

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 15, 2024

**VIA ECF**
The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

          Re:    *United States v. Arthur Bogoraz,*
                  22 Cr. 19 (PGG)

Dear Judge Gardephe:

      The Government writes in response to the defendant's opposition to the Government's request that the Court find that certain documentary requests fall within the scope of the privilege waiver and Rule 26.2. The defendant writes that the Government has acted in bad faith by not requesting these materials previously. (*See* Dkt. 460 at 3 ("document requests of this magnitude, and at this hour, are not fair, reasonable, or practical.")). To be clear, Mr. Rubin is the defense's witness, and it is the defense's obligation to comply with Rule 26.2. The defense has unexpectedly disagreed that Rule 26.2 is applicable to this hearing. The parties have a reasonable dispute, and the proper path forward is to have the Court resolve the disagreement and briefly adjourn the hearing if necessary. It is not necessary for either side to lob accusations.

      Furthermore, the Government is concerned that neither counsel have had the opportunity to gather or review communications between the defendant and Mr. Rubin. Defense counsel has made several representations to the Government and the Court about what was allegedly said during discussions between the defendant and Mr. Rubin. The Government was under the impression that counsel made these representations based on their review of the actual underlying communications, such as emails and text messages. However, that does not appear to be the case. The defense now seeks the Court to take the significant and highly unusual steps of finding that Mr. Rubin provided ineffective assistance and permitting the defendant to withdraw his plea. Both parties should complete their due diligence before the Court makes such a momentous decision.

      Simply put, both parties have an interest in ensuring that the Court has a full and accurate factual record. If that requires a short adjournment so that defense counsel can gather the necessary materials, such an adjournment is undoubtedly in the interests of justice as well.

                                              Respectfully submitted,
                                              DAMIAN WILLIAMS
                                              United States Attorney

By:         /s/
                                              Mathew Andrews
                                              Michael Lockard
                                              Qais Ghafary
                                              Assistant United States Attorney
                                              Tel.  (212) 637-6526

# Exhibit A

# Exhibit B